IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,075-01






EX PARTE ROBERTO BERDEJA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 64275-168-1 IN THE 168th JUDICIAL DISTRICT COURT 

EL PASO COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of three counts of sexual assault of a child, and punishment was assessed at twenty-five
years confinement on each count. Applicant's conviction was affirmed on appeal. Berdeja
v. State No. 08-93-00372-CR (Tex. App. --El Paso, delivered March, 31, 1995, pet. ref'd).

 Applicant contends that he received ineffective assistance of counsel at trial. 
Specifically, the Applicant contends that counsel was ineffective for failing to investigate,
failing to request a reliability hearing, failing to object to "contracting" by the State during
voir dire, failing to object to the admission of impermissible opinion testimony, conducting
minimal voir dire, failing to object to the complainant's competence, failing to object to the
admission of prejudicial hearsay testimony, opening the door to the admission of hearsay
documents, failing to object to outcry testimony and bolstering testimony, failing to call
known defense witnesses, failing to object to the State's improper comments regarding the
Applicant's failure to testify, and failing to investigate mitigating evidence. The Applicant
also contends that the State violated his right to remain silent when it improperly commented
on his failure to testify.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits from
counsel and the prosecuting attorney, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel at trial, and whether the
State improperly commented on the Applicant's failure to testify. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 26th DAY OF JULY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.